The next matter, number 171491, Maria Villanueva v. Avon Products, Inc. Good morning, Mr. Frontera. Good morning, Your Honor. My name is Juan Manuel Frontera Suave. I represent the appellant, in this case, Ms. Maria Villanueva. I would like to reserve two minutes for rebuttal. Two minutes. Your Honors, this is an appeal from a summary judgment in a diversity case brought before the district court for wrongful dismissal under Puerto Rico Law 80 and discrimination under Puerto Rico Law 100, discrimination, age discrimination, and discrimination because of the affectionate relationship my client had with an attorney that brought suits against or claims against the company. I'm going to address first the issue of Law 80 and the unjust dismissal. Our position is that with respect to that, Your Honor, the record is devoid of any admissible evidence to support a bona fide reorganization for economic reasons as required by Puerto Rico Law 80. The district court concluded that the evidence provided by the employer who has the burden of proof to establish the just cause in this case, that Avon suffered from stagnant growth and needed to generate savings. That's the factual conclusion from the evidence provided by the employer. However, that evidence is not sufficient to establish a bona fide economic reorganization under Puerto Rico Law 80. The case of Montalvo, which the defendant in this case submitted in this report, a sherry picking of translations of some paragraphs of the analysis under Law 80 of a bona fide reorganization for economic reasons and submitted some paragraph in English and some paragraph in Spanish. The case of Montalvo states clearly the standard for bona fide reorganization for economic reasons, and that standard is the reduction in sales, earnings, or production that needs to be significant to the point of threatening the stability and economic solvency of the business. We submit to the court, Your Honor, that the record is completely devoid of any evidence that establishes that Avon Products, Inc. was suffering for significant losses or that their company was threatened in their stability or economic solvency in Puerto Rico. Before you go on, our rules seem to permit submission of partial translations, but they also allow you to submit anything else that you think needs to clarify what's been submitted, and I don't recall that you've done that. What? I don't recall that you've submitted a certified translation. We submitted in this court a certified translation. In the district court, the local rule does not permit partial translations, Your Honor, of caseload, and that has been decided by the district court and by this court. It has to submit translation of the caseload. In fact, what the court has permitted is partial translation of transcripts, but not partial translations of caseload. And in this case, the issue goes further because if the employer was, if Avon submitted, would have submitted, okay, the English translation of the entire part of the decision that covers low 80, well, that would be a different argument. But in this case, what Avon did was choose from the discussion of the Puerto Rico Supreme Court case in Montalvo, to choose from the discussion of the economic, of a bona fide reorganization economic standard, choose which paragraph they wanted to translate and which they did not. And we submit, Your Honor, when we submitted the certified translation of that part to this court, if the court reviews that, it will clearly see that the part that they left out is the part that establishes specific standard to be applicable in this case and the specific issue that we have discussed. And that, I think, led the district court, Your Honor, to apply an incorrect standard to the just cause issue in this case, Your Honor. Because the court concluded only that Avon needed to make savings and that's not the standard. The standard is otherwise. It's the threatening stability and economic solvency of the business. And did you argue that to the district court? We argued that to the district court, Your Honor, and we submitted a motion to strike, and a motion for the court to disregard the arguments from Avon with regards to a just cause as to a bona fide reorganization. The judge issued an order that it would deal with our request in the summary judgment motion, but if you review the district court opinion and order, granted summary judgment, the district court does not discuss that in no way in the decision. So we didn't know beforehand. The court could have concluded, okay, you have to submit the entire translation. I'm going to agree to analyze the case on partial translation. The court could have instructed us to submit the parts that we wanted to address to the court, but the court did not advise on any of that. Although the court said it would decide upon it, it didn't. So we submit, Your Honor, that the district court in this case applying the erroneous standard for a bona fide reorganization, the court should have concluded that there was not just cause. There was no evidence in the record to establish just cause under law 80. That, Your Honor, activates the presumption of discrimination under Puerto Rico Law 100. Okay? So at that point, AVEN has to prove that it did not discriminate against my client in determination. Not prove, it doesn't have, contrary to the ADA, where the employer has to bring forth a business decision or allege, only have to allege a business decision under Puerto Rico Law, AVEN has the burden of proof to establish that it did not discriminate against my client when it was terminated. Suppose your argument seems, as I understand it, seems to hinge on the contention that the other side must show that what they did here, the reason for the change, was made necessary by a reduction in sales or production or the like. Yes, Your Honor. Which the statute clearly does provide for, if you're going to say a downsizing is the reason. But what if it's just a reorganization or for the purpose of increasing this establishment's competitiveness or productivity? What is there that says that if that's the reason the employer gives, the employer must show that it's had a fall off in sales or the like? The Montalvo case, Your Honor. The Montalvo case. Montalvo? Yes. The E and F standards. And in this case, Your Honor, in this case. You're talking about SLG Zapata Rivera versus Montalvo? Yeah, versus Montalvo. And in this case. That was a downsizing case, though. Yes. And the court established that the correct standard is that the reduction in sales, earnings, and production that requires a downsizing have to threaten the solvency of the business. Right. But that's if you give the reason downsizing. What if you give one of the alternative reasons in the statute, which is to increase competitiveness or productivity? It's the same. It's the just cause that brings forth the employer. It says for economic reasons. I have to do that for economic reasons. And that's precisely what ABO did in this case. They say it was for economic reasons. You have to establish under the law 80 that those economic issues is not merely in order to provide savings. It's in order to combat or put forth decisions to not that it has to be threatening to the stability of the business. So you can't do it. You're saying that in Puerto Rico you can't do a business reorganization that isn't justified quantitatively by falling off sales, but done for business management reasons. Yes. You have to. If you're doing it for economic reasons, and ABO stated in this case that they were doing it for economic reasons. That's why the court. Time's up. Okay. Good morning. May it please the court. My name is Elizabeth Perez-Lleras for Avon Products, Inc. We want to address plaintiff's proposition that terminations in Puerto Rico under Act 80 can only be done for economic reasons. That was not Avon's preferred reasons for the reorganization that it conducted in this case. Avon specifically submitted in its brief, as well as before the district court, that the reorganization was due to economic – pardon me, to improve its competitiveness, optimize its resources, and to save costs. That plainly falls under Article 2E of Act 80. And you're saying saving costs isn't an economic reason? No. No. Not in our view. It's not a medical reason. Because saving – a business can do a reorganization to save costs even if it is profitable. Article 2F is the one that provides for reductions in force because of an anticipated loss or actual loss. Your statement of undisputed facts below, and I'm reading paragraph 27. Yes, Your Honor. It says, the reason for the reduction in force was that due to the company's lack of growth, it had decided to generate savings. For the Puerto Rico operation, the company was required to implement $1.5 million in savings. Yes, that is correct, Your Honor. And under Article 2E, it has been interpreted that – I think the argument on the other side is that that is the type of economic reason that the Mondalvo case requires. And we know that that is what it is, but that is not what Avon submitted. And that it was not – the reason, economic reasons, was under 2F, was not the reason for the bona fide reorganization. The reason was that it wanted to – Excuse me. It sounds pretty economic to me that you're experiencing a lack of growth, therefore you need to reduce costs to generate savings. That sounds like purely economic. But it isn't, because a company can be experiencing a lack of growth, and even there, not be losing money, just experiencing a lack of growth, but not be on the red. It could make the reorganization in order to make it more profitable. And it's not losing profits. So what we're saying is that Article 2E allows for reorganizations that will improve the effectiveness and allow the company to save costs. And it doesn't have to entail or be tied up to a reduction in sales or profits. It can be done in order to improve the company's effectiveness, competitiveness, and its profits. And that was the reason. Point two of that reasoning, then, let's assume you're right on what you just said, but then point two would have to be that if what you just said is correct as to a reason, in other words, it's a sort of positive increased profits reorganization, you're then saying we should not read Montalvo as saying that that, too, must be backed up by some economic data. That is precisely what Abon is saying. That Montalvo was a downsizing case that fell squarely under Article 2F. And that is why it held as it held that they do have, as a company, to provide or adduce evidence of financial problems or the financial condition of the company. It was not a reorganization case done under Article 2E. That is not what is interpreting the Montalvo case. As regards to the Montalvo case, we also want to point out that even though plaintiffs submitted a certified translation of it as plaintiffs proposed, it wasn't before the district court. And it wasn't as part of their main brief. They do not do it until they reply. It's when they submit the certified translation of the portions that they said were applicable to this case, which in Abon's view, of course, they aren't. So the fact is that before the district court and in their brief, they made translation of those portions of the case that they thought that were applicable to their allegations without submitting any certified translation of it. And without necessarily relying on the portions that Abon has submitted certified translations of. So plaintiff is basically accusing Abon of doing something that the plaintiff did in the first case. Or in the first instance, in addition, as Judge Thompson correctly stated, the rule allows for Abon to submit those relevant portions of the case, certified translation of those relevant portions of the case that would support his defenses. There, plaintiff has not advanced any case law that would support otherwise. This was a bona fide reorganization under Article 2E. Plaintiff was not the only person who was terminated because of this reorganization. Seven other employees were impacted by this reorganization. Seven, and the ages of the employees that were impacted by reorganization, including plaintiff, range from 29 to 59 years old. Therefore, there is no merit in plaintiff's position that this bona fide reorganization was due to plaintiff's age. In addition, the facts, the undisputed facts in this case, indicate that the customer care department, which was to what the Caribbean call center position that plaintiff held was subscribed to, needed to generate savings in an amount of $300,000. And that not only plaintiff's Caribbean call center correspondent position was impacted by the analysis that was done in order to reorganize and achieve those savings, but also two additional positions, an in-house receptionist COO and a 29-year-old call center correspondent. So from the eight employees that were impacted by the reorganization, three, including plaintiff, belong to the customer care department and were of different ages. Further, it is important to say that in reply, plaintiff brought a number of arguments that this court will be able to review and confirm were not raised either before the district court nor in the main brief. So ABLE submits that those arguments are waived. And there is clear precedent as to supporting our position as to that. The Caribbean call center correspondent position was a different job classification than the call center correspondent position. If you view it like that, the Caribbean call center correspondent had a salary that was much higher than the call center correspondents. The Caribbean call center correspondent had duties that were different from the call center correspondents. Unlike the call center correspondents, the Caribbean call center position that plaintiff held, which is important to know that she was the only person occupying that position in the customer care department, there was only one Caribbean call center correspondent, had to be bilingual, had to travel within and outside Puerto Rico, had to give logistical support to the region that that position tended to, which was the Caribbean. Because the position was created specifically to tend to the Caribbean. And that logistical support, which included making pass-through calls, sending them emails to remind them of important dates, as well as providing the web trainings that they needed, et cetera, that logistical support was not provided by call center correspondents to Puerto Rico representatives. Because ABLE had other people who take care of the logistical support in that regard. The Caribbean call center correspondent position was eliminated because there was not sufficient workload to justify its salary. Further, the department head... Yes? Is there any evidence that anybody at Avon knew about the plaintiff's relationship with the lawyer? There is no evidence that Avon knew about this relationship because there was no discovery that was conducted in that regard. That claim was dismissed in a partial motion to dismiss. And the district court decided that a relationship with a male attorney who had represented plaintiffs in cases against Avon was not a protected class under Act 22, which amended Act 100, and therefore could not have the... I just wanted to know if there was any evidence. I'm sorry. Thank you. Attorney Romero-Frontera. With respect to the standard of a bona fide economic reorganization, under law 80, we submit that under Mortalvo, when the employer gives as a reason, economic reasons, in order to implement a reorganization or a downsizing, he has to establish that that reorganization or the downsizing is established because the economic status of the company is threatened in its solvency and is significant. The Act 80 is not interpreted like that. E is an open door, and it will be interpreted as saying, okay, if you can reorganize and eliminate positions only to make savings, then you don't need F. F is irrelevant. I'm sorry. Did you say threatened solvency? Threatened the solvency of the business. That's the standard under Mortalvo. And Mortalvo analyzes the issue under E and F, Your Honor. And if you open the door on E like that, F is irrelevant. It would be irrelevant because all employers could then eliminate positions because of reorganization in order to make savings. And they would not have to bring forth the books, the accounts, and establish, as the Supreme Court required in Mortalvo, a specific analysis of the solvency of the business. With respect to the occupation and classification issue under Law 80, if you're going to eliminate positions, you have to follow seniority under the same occupation and classification. And when you see the standard established by the Supreme Court in order to analyze whether there is the same occupation and classification, occupation and classification is not the same as the same position as savings is arguing, Your Honor. If you don't have any further questions, I will submit the case here. Thank you very much.